IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES C. STRADER,

    **Plaintiff,**

v.                                                          CASE NO. 24-3141-JWL

DANIEL L. SCHNURR, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, James C. Strader, who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff alleges manifest injustice, unjust convictions, imprisonment of an innocent man, due process violations based on RICO, violations of his constitutional rights during his criminal trial, misuse of force resulting in a brain injury,[1] malicious disciplinary reports, "life threat surgery 6-21-2023," deliberate indifference to medical needs, discrimination, theft of property, and identity theft. (Doc. 1, at 4–10.) Plaintiff seeks to vacate "all charges in Kansas," and compensatory and punitive damages. *Id*. at 7.

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Accordingly, he may

---

[1] Plaintiff's claims are hard to follow, but he mentions injuries, including a brain injury, received on December 19, 2017, and March 2, 2018, at the Norton Correctional Facility. (Doc. 1, at 9.)

[2] Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff that qualify as "strikes" under § 1915(g). *See Strader v. Reno County District Court*, Case No. 20-3001-SAC (dismissed for failure to state a claim on March 9, 2020) (Doc. 27) (D. Kan.); *Strader v. Werholtz*, Case No. 19-3102-SAC (dismissed for failure to state a claim on October 4, 2019) (Doc. 61) (D. Kan.), *appeal dismissed*, Case No 19-3242 (appeal dismissed as frivolous) (10th Cir. Dec. 30, 2019).

proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

Plaintiff has filed a Motion for Statutory Exception (Doc. 3), citing 28 U.S.C. § 1915(g). Plaintiff states in the motion that he has received emergency treatment five times since April 9, 2024, "while in segregation after service of food and even out of segregation." (Doc. 3, at 1.) He claims deliberate indifference to ongoing medical needs, stating "experimental drugs, A.I. synthetic sub microns, nano, and synthetics used at time to bring out of unconscious states, and save life now endangering life, even Covid vaccines, caught Covid during, injuries too." *Id*. (internal ellipses omitted). Plaintiff states that "staff lies to inmates and staff torts to contract inmates to attack, injure or possibly kill." *Id*. (internal ellipses omitted). He also states that he has various symptoms because of a head injury. *Id*.

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and Motion for Statutory Exception, and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g)

Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

Plaintiff's Motion for Statutory Exception also seeks an "immediate order for all tablet records . . . and medical records." (Doc. 3, at 1.) He then states that his accounts have a negative balance and that he needs a court order to force the facility to provide Plaintiff's bank statements. *Id*. Because the Court is denying Plaintiff's motion for leave to proceed in forma pauperis, any request for Plaintiff's financial information is moot. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Statutory Exception (Doc. 3) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 16, 2024,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated August 15, 2024, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE

---

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.