**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JAMES C. STRADER,**

      **Plaintiff,**

      **v.**                       **CASE NO. 24-3141-JWL**

**DANIEL L. SCHNURR, et al.,**

      **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, James C. Strader, who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), brings this pro se civil rights case under 42 U.S.C. § 1983.  Plaintiff alleges manifest injustice, unjust convictions, imprisonment of an innocent man, due process violations based on RICO, violations of his constitutional rights during his criminal trial, misuse of force resulting in a brain injury,[1] malicious disciplinary reports, "life threat surgery 6-21-2023," deliberate indifference to medical needs, discrimination, theft of property, and identity theft.  (Doc. 1, at 4–10.)  Plaintiff seeks to vacate "all charges in Kansas," and compensatory and punitive damages.  *Id*. at 7.

On August 15, 2024, the Court entered a Memorandum and Order (Doc. 4) denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g).  The Court examined the Complaint and Motion for Statutory Exception (Doc. 3) and found no showing of imminent danger of serious physical injury.  The Court granted Plaintiff until September 16, 2024, to submit the $405.00 filing fee.

---

[1] Plaintiff's claims are hard to follow, but he mentions injuries, including a brain injury,  received on December 19, 2017, and March 2, 2018, at the Norton Correctional Facility.  (Doc. 1, at 9.)

The Court's order provides that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 4, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated September 18, 2024, in Kansas City, Kansas.**


**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**